IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| POWERCAP PARTNERS LLC,<br><br>Plaintiff,<br><br>vs.<br><br><br>DAVID FLEISCHMANN ESQ. and LAW OFFICES OF DAVID FLEISCHMANN, P.C.<br><br><br>Defendants. | : : : : : : : : : : : : : : : : : : : | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## THE PARTIES

1.   At all relevant times herein, plaintiff Powercap Partners LLC was and is a foreign limited

liability company, incorporated in the State of New Jersey, and with its principal place of

business in Essex County, State of New Jersey.

2.   At all relevant times herein, Law Offices of David Fleischmann, P.C., was and is a

domestic professional corporation incorporated in the State of New York, and with its principal

place of business in Kings County, State of New York.

3.   At all relevant times, David Fleischmann, Esq. was and is an attorney duly admitted to

the practice of law in the State of New York and maintains a law office in Kings County, State of

New York.

## JURISDICTION AND VENUE

4.   This Court has diversity of citizenship jurisdiction pursuant to 28 U.S. Code § 1332(a) and

(c) because the plaintiff and defendant are incorporated in different states and have their principal places of business in different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this District under 28 U.S.C. § 1391(a), (b) and (c) because defendant resides within it.

## FACTUAL ALLEGATIONS

5. In or about April of 2017, Plaintiff retained Defendants to represent it in connection with a private loan to an individual by the name of Yaakov Pollack.

6. On or about April 13, 2017, Defendant drafted various loan documents on behalf of Plaintiff in connection with a loan to Yaakov Pollak in the original principal sum of $750,000.00, which loan was due to be paid in full on or before June 13, 2017 (the "First Loan").

7. In connection with the First Loan, Defendants drafted various loan documents, including, but not limited to, a collateral note, which was executed by Yaakov Pollack (the "First Note").

8. Pursuant to the terms of the First Note as drafted by Defendants, interest was to be computed on the unpaid principal balance at the rate of Two and Half 00/100 percent (2.5%) per month of the principal amount, or Thirty Percent (30%) per annum. A copy of the First Note is annexed hereto as **Exhibit 1**.

9. On or about May 16, 2017, plaintiff loaned the sum of $265,000.00 to Yaakov Pollack and his brother, Moshe Pollack (the "Second Loan").

10. In connection with the Second Loan, Defendants drafted various loan documents, including, but not limited to, a collateral note to be executed by Yaakov Pollack and Moshe Pollack (the "Second Note").

11. Pursuant to the terms of the First Note as drafted by Defendants, interest was to be computed on the unpaid principal balance at the rate of Three and 00/100 percent (3.00%) per month, or Thirty-Six percent (36%) per annum. A copy of the Second Note is annexed hereto as **Exhibit 2**.

12. As collateral security for the payment of the First Loan and the Second Loan, a Pledge and Security agreement were executed, acknowledged, and delivered to plaintiff in which Yaakov Pollack agreed to pledge the interests in Beaux Equities LLC, a New York limited liability company.

13. Yaakov Pollack and Moshe Pollack executed a (i) confession of judgment and (ii) loan forbearance agreement, and Beaux Equities LLC executed a deed in lieu of foreclosure in favor of plaintiff.

14. Following an agreed extension, all sums owed to plaintiff under the First Loan and Second Loan, including principal, interest, fees and costs were due on or before November 30, 2017. In connection therewith, Defendants drafted a forbearance agreement, a copy of the Escrow and Forbearance Agreement is annexed hereto as **Exhibit 3**.

15. Yaakov Pollack and Moshe Polack defaulted on their payment obligations with respect to the First Loan and the Second Loan.

16. The interest rates as set forth in the documents drafted by Defendants exceeded those permissible under New York's usury laws.

17. Plaintiff has been unable to enforce the terms of both the First Loan and the Second Loan due to the usurious nature of the interest rates as set forth and agreed to in the collateral notes prepared and drafted by Defendants.

18. This action is timely because the malpractice extended through November of 2017.

19. This action is also timely because even if the operate date were April 13, 2017 , the date of the First Loan (it is not), pursuant to the State of New York's Executive Order No. 202 issued on March 7, 2020, declaring a State disaster emergency due to COVID-19, and each successor Executive Order up to and including 202.48, the three-year statute of limitations for this matter was and is still tolled.

## AS AND FOR A FIRST CAUSE OF ACTION

### (LEGAL MALPRACTICE)

20. Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "17" as if fully set forth herein.

21. As counsel for plaintiff with respect to the above-described transactions, Defendants owed plaintiff a duty to exercise the skill and knowledge ordinarily possessed by a member of the legal profession experienced in such matters and to exercise reasonable care, prudence and diligence in the performance of its professional obligations.

22. Plaintiff relied on Defendants' purported expertise in proceeding with the above-described transactions.

23. Defendants breached their duty to plaintiff by failing to advise them of the usurious nature of the interest rate as set forth and agreed to in the First Loan and Second Loan.

24. Defendants further breached their duty to plaintiff by drafting documents that ran afoul of the laws of usury.

25. Defendant knew or should have known that the interest rate as set forth and agreed to in the First Note and Second Note were usurious.

26. As a direct and proximate result of Defendants' negligence and malpractice, plaintiff has suffered damages in an amount to be determined at trial, but not less than $1,015,000.00, together with interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands judgment on the First and Second Causes of Action, awarding compensatory damages in an amount to be determined at trial, but not less than $1,015,000 million, and awarding plaintiff certain costs and attorneys' fees, and other damages as a direct result of defendant's negligence and malpractice, and awarding plaintiff such other and further relief as this Court deems just and proper.

**CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: July 21, 2020

Respectfully submitted

_____

Vivian Sobers, Esq. (_____)
Sobers Law PLLC
11 Broadway, Suite 615
New York, New York 10004
Telephone: (917) 225-4501
Facsimile: (888) 353-5984

*Attorneys for Plaintiff*