

December 29, 2021

VIA ECF
Honorable Roslynn R. Mauskopf, U.S.D.J.
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, NY 11201

   Re: *Powercap Partners LLC v. David Fleischmann, Esq.*
      Case No. 1:20-cv-03428-RRM-RML

Dear Judge Mauskopf:

  This office is co-counsel for Plaintiff Powercap Partners LLC, together with Ms. Sobers. I write to respectfully request a pre-motion conference pursuant to Rule III.A.2 of the Court's Individual Rules. On September 29, 2021, the Court instructed Plaintiff to amend its Complaint and adequately allege the existence of subject matter jurisdiction within thirty (30) days (Document # 20). Following Plaintiff's First Motion to Amend/Correct/Supplement the initial Complaint, dated December 28, 2021 (Document # 23), the Court issued an Order striking Plaintiff's Amended Complaint (Document # 22), for failure to adequately explain its delay in amending its Complaint within the time allotted. Plaintiff respectfully offers the following explanation.

  Plaintiff's delay was due to law office failure. As the undersigned was only recently admitted into this Court, in order to handle the instant matter, I did not receive correspondence from the Court via email updates and did not receive a copy of Your Honor's September 29, 2021 Order. Simcha Schonfeld, Esq. also representing Plaintiff, believed that I was handling the matter. Upon discovery of the oversight, I immediately applied to be admitted before this Court and submitted the First Motion (Document #23). We apologize for the miscommunication and delay in amending the Complaint within the timeframe allotted by the Court.

  In *Pinyuk v. Cbe Grp.*, 2019 U.S. Dist. LEXIS 71899, *11-12, 2019 WL 1900985 (E.D.N.Y. 2019), this Court held that "[w]hen a plaintiff moves to amend after considerable delay, delayed filing alone has been held to be insufficient to deny the motion to amend; instead, the court must consider the delay alongside the other relevant factors." *Id.* at 11. Accordingly, the Court found that "although…plaintiff failed to comply with the deadline set by the Court for amending the Complaint, the Court has assessed plaintiff's motion under the good cause standard of Rule 16(b) and taken into consideration the absence of prejudice to the defendant and the general proposition that amendments should be freely allowed, and will not deny the motion to amend due to lack of diligence or untimeliness." *Id.* at 14. *See also, Fresh Del Monte Produce, Inc. v. Del*

*Monte Foods, Inc.*, 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (*quoting Castro v. City of New York*, No. 06 CV 2253, 2010 U.S. Dist. LEXIS 19935, 2010 WL 889865, at *2 (E.D.N.Y. Mar. 6, 2010) (stating that "'[b]y requiring the district court to consider and balance factors other than a plaintiff's diligence, the [Second Circuit] left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment'").

This Court has held that "[l]aw office mistake is a factor that courts have considered in determining whether to excuse a late filing." *Pinyuk* at 11; *see for e.g., Cruz v. T.D. Bank, N.A.*, No. 10 CV 8026, 2015 U.S. Dist. LEXIS 13789, at *9-10 (S.D.N.Y. Feb. 3, 2015) (granting leave to file an amended complaint despite "law office failure" when the failure to file was "an honest oversight" due to the "press of other business"); *see also, Canfield v. Van Atta Buick/GMC Truck*, 127 F.3d 248, 250 (2d Cir. 1997). Here, Plaintiff has demonstrated good cause under Rule 16(b) in light of law office failure which was an honest oversight due to a failure to obtain email notification and was not in bad faith.

Plaintiff can also demonstrate good cause because the desired amendment would result in no undue prejudice to Defendants, especially as no new claim has been brought forth. *Chepilko v. City of New York*, No. 06-cv-5491, 2010 WL 3926186, at *2 (E.D.N.Y. Sept. 8, 2010). In determining what constitutes prejudice, courts should consider whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). In *Chepilko v. City of New York*, 2010 U.S. Dist. LEXIS 103080, *5-6, 2010 WL 3926186, this Court understandably denied plaintiff's request to amend its complaint in June 2008 after filing its initial complaint in September 2006. No such significant delay is present herein, nor is any additional burden imposed upon the Defendants by virtue of Plaintiff's amendment. Additionally, Plaintiff's failure to file an amended complaint within thirty days, which was due to office error, cannot be characterized by bad faith. Rather, "[m]ere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *EEOC v. Thomas Dodge Corp.*, 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (*quoting State Teachers Ret. Bd. v. Fluor Corp*, 654 F.2d 843, 856 (2d Cir. 1981)); *accord Block v. First Blood Assoc.*, *supra*; *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *see also Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991).

Good cause is thus established because Plaintiff's amendment would not require Defendants to expend significant additional resources to conduct discovery and prepare for trial, nor would it significantly delay resolution of the dispute. *See, CAC Atlantic, LLC v. Hartford Fire Insurance Co.*, No. 16 CV 5454, 2017 U.S. Dist. LEXIS 116131, 2017 WL 3149340, at *4 (S.D.N.Y. July 25, 2017) (granting a motion to amend because "although the Court . . . found that defendant . . . did not demonstrate the diligence ordinarily required by Rule 16(b), the Court concludes that good cause nevertheless exists because the desired amendment would result in no significant prejudice").

Notwithstanding the above, Plaintiff apologizes for the delay in amending its Complaint. As stated in *Cox v. Livingston*, 407 F.2d 392, 393, 1969 U.S. App. LEXIS 9086, *2, 12 Fed. R. Serv. 2d (Callaghan) 184, "Section 1653 of the Judicial Code, 28 U.S.C. § 1653 (1964), expressly provides that 'defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.' As this court said in *John Birch Soc'y v. NBC*, 377 F.2d 194, 198-99 (2d Cir. 1967): 'An application under § 1653 is, of course, addressed to the discretion of the court, and usually the section is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist.' (Emphasis added.) *See generally* 3 Moore, Federal Practice para. 15.09 (2d ed. 1968)."

In light of the above, Plaintiff respectfully requests a pre-motion conference to discuss amending its Complaint as to subject matter jurisdiction, beyond the thirty (30) days allotted by the Court.

We thank the Court for its consideration of the above.

Respectfully submitted,

Shira Goldman Moyal, Esq.

CC (by ECF): All parties