UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
POWERCAP PARTNERS LLC,

                              Plaintiff,                          **MEMORANDUM AND ORDER**
                                                                                           20-CV-3428 (RRM) (RML)

        -against-

DAVID FLEISCHMANN, ESQ., and LAW
OFFICES OF DAVID FLEISCHMANN, P.C.,

                              Defendants.
------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      On September 29, 2021, the Court dismissed this legal malpractice action for failure to adequately allege diversity jurisdiction and granted plaintiff Powercap Partners LLC 30 days in which to file an amended complaint. Having missed the 30-day deadline by 60 days, plaintiff now moves for an order granting plaintiff leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). For the reasons set forth below, the Court grants plaintiff's motion and directs plaintiff to file the proposed amended complaint (Doc. No. 28-4) as the amended complaint within seven days of the date of this Memorandum and Order.

## BACKGROUND

      On July 30, 2020, plaintiff – then represented solely by Vivian Sobers of Sobers Law, PLLC – commenced this diversity action against defendants David Fleischmann, Esq., and the Law Offices of David Fleischmann, P.C. After plaintiff requested a pre-motion conference in anticipation of moving to dismiss the complaint, Simcha D. Schonfeld of Koss & Schonfeld, LLP, appeared as co-counsel for plaintiff. (Schonfeld Notice of Appearance (Doc. No. 12).)

      On December 4, 2020, defendants filed their motion to dismiss, arguing, among other things, that the action was premature because plaintiff had yet to sustain any "actual damages" as

a result of the alleged malpractice.  (Memorandum of Law in Support of Defendants' Motion to Dismiss (Doc. No. 17-1) at 6–8.)  In a Memorandum and Order dated September 29, 2021, (the "Prior M&O"),  the Court granted that motion on the ground that the complaint did not allege the citizenship of the members of plaintiff, a limited liability company, and therefore failed to adequately allege subject-matter jurisdiction.  (Prior M&O (Doc. No. 20) at 2.)   The Court gave plaintiff 30 days from the date of the Prior M&O in which to file an amended complaint which cured this defect and warned that the action might be dismissed if plaintiff failed to file a timely amended pleading.  (*Id.* at 3.)  Plaintiff never requested an extension of that 30-day deadline.

On December 28, 2021, Shira G. Moyal, Esq., filed a notice of appearance, a motion to file an amended complaint, and an amended complaint.  (Docs. No. 21–23.)  The notice of appearance stated that Ms. Moyal, like Ms. Schonfeld, was affiliated with Koss & Schonfeld, LLP, and was appearing as "co-counsel."  (Moyal Notice of Appearance (Doc. No.21).)   Since the amended pleading was filed 60 days after the 30-day deadline expired and since plaintiff had not filed a pre-motion conference request as required by the Court's Individual Rules, the Court terminated the motion to amend and ordered the amended complaint stricken from the docket. (12/29/2021 Order.)

Within four hours of entry of the 12/29/2021 Order, plaintiff requested a pre-motion conference "to discuss amending its Complaint as to subject matter jurisdiction, beyond the thirty (30) days allotted by the Court."  (Doc. No. 24.)  In an order dated September 12, 2022, the denied the pre-motion conference request as unnecessary but granted plaintiff permission to serve a motion to amend its complaint on defendants.  The order directed plaintiff not only to attach a copy of a proposed amended complaint that adequately alleged a basis for subject-matter jurisdiction but also to "establish good cause for missing the 30-day deadline set in the Court's

9/29/2021 Order." (9/12/2022 Order.) The order also advised defendants that they could "oppose plaintiff's motion on the ground that plaintiff has not demonstrated good cause and/or the ground that the proposed amended complaint fails to cure the defects identified in the Court's 9/29/2021 Order." (*Id.*)

The Instant Motion

Plaintiff has now filed its motion to amend, which consists of a notice of motion, a memorandum of law (the "Memorandum"), and a declaration signed by Ms. Schonfeld. The notice of motion states that plaintiff is seeking "an Order pursuant to F.R.C.P. 15(a)(2), granting Plaintiff leave to file an amended Complaint." (Doc. No. 28.) The Schonfeld Declaration does little more than attach three exhibits, one of which is the proposed amended complaint. It does not provide an explanation of why plaintiff missed the deadline for filing an amended pleading.

That explanation appears in the Memorandum, which explains that the failure to meet the deadline was "due to a law office error." (Memorandum (Doc. No. 28-5) at 1, 3.) The Memorandum implies that Koss & Schonfeld assigned Ms. Moyal to handle this case sometime before the Prior M&O was issued. (*Id.* at 3.) However, since Ms. Moyal did not file a notice of appearance until December 28, 2021, she did not receive electronic notification when the Prior M&O was issued in late September 2021. (*Id.* at 3.) Ms. Schonfeld did received notification but, mistakenly believing that Ms. Moyal would handle the matter, took no action. (*Id.*) The error was not discovered until December 28, 2021, whereupon Ms. Moyal filed her notice of appearance and the motion to amend the complaint.

The Memorandum does not mention "good cause" or "excusable neglect" and, accordingly, does not specifically address the existence of either. But the Memorandum argues that permitting amendment of the pleading will not unduly prejudice defendants, (*id.* at 4–6), and

3

will not unduly delay resolution of this dispute, (*id.* at 6–7). Koss & Schonfeld claims that it was not acting in "bad faith" or with a dilatory motive, (*id.* at 7–8), that the proposed amendment is not futile, and that permitting amendment of the complaint will further the interests of justice, (*id.* at 4, 7–8).

In the Memorandum of Law in Opposition to plaintiff's motion (the "Opposition"), defendants principally argue that plaintiff has not established "good cause" for the failure to timely amend the complaint. However, the Opposition assumes that Rule 16(b)(4) applies, (Opposition (Doc. No. 29) at 3–6), and does not discuss "excusable neglect." The Opposition also asserts that plaintiff's delay in amending the complaint will prejudice defendant Fleishmann, though it does not explain how this defendant will be prejudiced. (*Id.* at 6–7.)

## STANDARD OF REVIEW

Although plaintiff's notice of motion primarily seeks "an Order pursuant to F.R.C.P. 15(a)(2), granting Plaintiff leave to file an amended Complaint," plaintiff motion is construed as a motion to extend the time to amend the pleading. After all, the Court already granted 30-days' leave to amend in the Prior M&O. If the 30-day deadline were extended to permit the filing of the amended pleading at his juncture, a motion to amend the pleading would be unnecessary.

Preliminarily, the Court notes that the instant motion to extend the 30-day deadline is governed by Federal Rule of Civil Procedure 6(b)(1), and not by Rule 16(b)(4). The latter rule, which is cited in defendant's Opposition, applies when a movant seeks to extend a deadline in a scheduling order issued pursuant to Rule 16. Rule 6(b)(1) applies where, as here, a litigant fails to comply with a court-imposed deadline." *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021).

Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The Second Circuit has construed this subsection as "requiring a finding of 'good cause' when a litigant seeks an extension before a deadline has passed and a finding of both 'good cause' and 'excusable neglect' when a litigant seeks an extension after a deadline has passed." *Alexander*, 5 F.4th at 154.

The Second Circuit has "described 'good cause' in the context of Rule 6(b)(1) as a 'non-rigorous standard.'" *Id.* (quoting *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019) (summary order)). This standard differs from the more rigorous standard applied under Rule 16(b)(4), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Under Rule 16(b), the question of "[w]hether good cause exists turns on the 'diligence of the moving party.'" *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)). Thus, a movant seeking an extension of deadlines contained in a scheduling order "must show that the deadlines [could not have been] reasonably met despite its diligence." *Farsura v. QC Terme US Corp.*, 342 F.R.D. 373, 375 (S.D.N.Y. 2022) (quoting *Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland*, No. 09-CV-4622 (CS), 2010 WL 4968247, at *3 (S.D.N.Y. Nov. 24, 2010)) (brackets in *Volunteer Fire Ass'n*). In contrast, "an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Alexander*, 5 F.4th at 154 (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1165 (4th ed. 2021 update)).

Similarly, "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (1993). The Second Circuit has recognized that the "inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Petaway v. Osden*, 827 F. App'x 150, 152 (2d Cir. 2020) (summary order) (quoting *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2d Cir. 1998)). Accordingly, "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(1)(B)," *Alexander*, 5 F.4th at 154 (quoting *Petaway*, 827 F. App'x at 152) (emphasis in *Petaway*), and "law office failures to comply with required time-tables in civil cases may be excused where such failures arise from excusable neglect." *Smith v. Baugh*, No. 16-CV-906V(F), 2022 WL 268824, at *3 (W.D.N.Y. Jan. 28, 2022).

"[T]he Supreme Court has set forth a non-exhaustive list of factors to consider when determining whether a party's neglect is excusable: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Saviano v. Town of Westport*, 337 F. App'x 68, 70 (2d Cir. 2009) (summary order) (quoting *Pioneer Inv. Servs.*, 507 U.S. at 392). The question of "whether neglect is 'excusable' in a particular case rests with the sound discretion of the district court," *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (quoting *Manhattan-Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir. 1974)), which enjoys "*wide discretion* to grant a

6

request for additional time." *Alexander*, 5 F.4th at 154 (internal quotation marks and citations omitted; emphasis in original).

## DISCUSSION

In this case, the Court finds that plaintiff's failure to meet the 30-day deadline was caused by "excusable neglect" and that there is "good cause" to extend the deadline. First, although defendants assert that the delay in amending the complaint will prejudice defendant Fleishmann, (Opposition at 6–7), the Opposition does not provide any explanation of precisely how this defendant will be prejudiced. The Court notes that defendants were themselves attempting to forestall this litigation by arguing in their motion to dismiss that this case was not yet ripe for adjudication. Plaintiff's failure to timely file an amended complaint only furthered defendants' efforts to delay this litigation.

Second, the delay occasioned by plaintiff's failure was relatively short given the slow progress of this litigation to date. This action was commenced in late July 2020. In late September 2021 – almost 14 months later – the complaint was dismissed on defendants' motion and plaintiff was given 30 days to replead. Plaintiff missed that deadline by 60 days. To be sure, motion practice necessitated by the failure to timely amend the complaint has further delayed this action, but most of that delay was attributable to the Court's backlog rather than plaintiff's actions. Furthermore, there is nothing to suggest that this delay will have any impact on defendants' ability to litigate this action.

Third, most of the delay in this case was not directly attributable to plaintiff's neglect. Plaintiff was responsible for the 60-day delay in filing the amended complaint. Plaintiff's initial failure to request a pre-motion conference relating to its proposed Rule 15(a) motion request caused only a few hours' delay. And, after the Court granted plaintiff permission to make that

motion in mid-September 2022, plaintiff sought a two-week extension of the deadline for serving that motion. Thus, although this case is now about 32 months old, only a few months of the delay is attributable to plaintiff's actions.

Fourth, there is no evidence of bad faith on the part of plaintiff or plaintiff's counsel. The missed deadline was apparently due to Ms. Moyal's failure to file a notice of appearance and Ms. Schonfeld's incorrect assumption that Ms. Moyal would receive notification the Court's 9/29/2021 Order. These actions suggest that plaintiff's counsel were unfamiliar with the workings of the Court's Electronic Case Filing system, and not that they deliberately flouted the Court's order.

For all the reasons stated above, the Court, in its discretion, finds that plaintiff's counsel's inadvertent law office failure constituted excusable neglect under the circumstances of this case. In addition, since there is no evidence of bad faith or prejudice to defendants, the Court finds good cause for extending the time to file the amended complaint.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to file an amended complaint is granted. Plaintiff's proposed amended complaint (Doc. No. 28-4) adequately alleges diversity jurisdiction and defendants not have identified any facial deficiencies in that pleading. Accordingly, the Court directs plaintiff to file the proposed amended complaint as the amended complaint within seven days of the date of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
　　　　March 30, 2023

/s/ *Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge