UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

POWERCAP PARTNER LLC,

                  *Plaintiff*,

    -against-

DAVID FLEISCHMANN ESQ., and LAW OFFICES OF
DAVID FLEISCHMANN, P.C.,

                  *Defendants*.

20-CV-3428 (ARR) (RML)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Defendants David Fleischmann and the Law Offices of David Fleischmann move to dismiss plaintiff's, Powercap Partner ("Powercap"), amended complaint in its entirety. For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

In April 2017, Powercap retained Mr. Fleischmann to represent it in connection with a private loan to Yaakov Pollack, which had a principal sum of $750,000 and an interest rate of 2.5% per month or 30% annually. Compl. ¶¶ 7–8, 10, ECF No. 33. Mr. Fleischmann represented Powercap in connection with a second loan in May 2017—this time to Yaakov Pollack and his brother, Moshe Pollack—which had a principal sum of $265,000 and an interest rate of 3% per month or 36% annually. *Id.* ¶¶ 11–13. To fulfill his responsibilities, Mr. Fleischmann drafted various loan documents on Powercap's behalf, including: the first and second loan notes, Compl., Exs. A–B, ECF Nos. 33-1, 33-2; a pledge and security agreement in which the Pollacks conveyed to Powercap a security interest in property, *id.* ¶ 14; a deed in lieu of foreclosure in favor of Powercap, *id.* ¶ 15; and a confession of judgment, *id. Id.* ¶¶ 8, 12. On January 5, 2023, the New York State Supreme Court determined that the interest rates on the loans were "criminally

usurious" and voided the loan transactions and all "supporting documents." *Powercap Partners LLC v. Beaux Equities*, 179 N.Y.S.3d 894, at *5, *8–9 (Sup. Ct. Jan. 5, 2023).

On March 30, 2023, Powercap submitted its amended complaint alleging that Mr. Fleischmann committed legal malpractice in connection with the services he provided on the two loans. Compl. ¶¶ 25–26. Defendants moved to dismiss Powercap's amended complaint for failure to state a claim pursuant to the Federal Rules of Civil Procedure 12(b)(6). Defs.' Mot. to Dismiss 1 (Defs.' Mot.), ECF No. 34-1.

## LEGAL STANDARD

### I.    Motion to Dismiss Standard.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), I must "accept all factual allegations as true" and "draw all reasonable inferences in favor of the plaintiff[]." *Melendez v. City of New York*, 16 F.4th 992, 1010 (2d Cir. 2021) (quotation omitted). A claim is sufficiently plausible to withstand a motion to dismiss when the "factual content" of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Determining whether a claim has facial plausibility is "a context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"On a 12(b)(6) motion to dismiss, the Court must limit its 'consideration to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference.'" *L. Prac. Mgmt. Consultants, LLC v. M&A Couns. & Fiduciaries, LLC*, 599 F. Supp. 2d 355, 358

(E.D.N.Y. 2009) (quoting *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005)). Federal Rule of Evidence 201 permits me to take judicial notice of, *inter alia*, facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Even if I believe that the accuracy of a source cannot be reasonably questioned, in the motion to dismiss context, I may take judicial notice of documents only "to determine what statements [the documents] contain[]," not for the truth of the matters asserted therein. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). If a party wishes me to "consider additional material, Rule 12(b) requires [me] to treat the motion as one for summary judgment under Rule 56, giving the party opposing the motion notice and an opportunity to conduct necessary discovery and to submit pertinent material." *Id.* at 773.

## II. Elements Of a Legal Malpractice Claim.

"To state a claim for legal malpractice under New York law, a plaintiff must adequately allege 1) an attorney-client relationship, and 2) attorney negligence, (3) which is the proximate cause of, 4) actual damages." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 591 (S.D.N.Y. 2008). To establish negligence, "a plaintiff must allege that the attorney's conduct fell 'below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession.'" *Id.* at 592 (quoting *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006)). While "an attorney may . . . be held liable for ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action," a complaint that simply "alleges either an error of judgment or a selection of one among several reasonable courses of action fails to state a claim for malpractice." *Achtman*, 464 F.3d at 337 (internal quotations omitted).

To adequately allege proximate cause in a case seeking damages, "a plaintiff must allege

facts demonstrating that but for the defendant's negligence, he or she would have prevailed in the underlying action or would not have sustained any damages." *Applied Energetics, Inc. v. Stein Riso Mantel McDonogh, LLP*, No. 19-cv-1232, 2020 WL 2833686, at *3 (S.D.N.Y. May 31, 2020) (internal quotations omitted). "This . . .  requirement seeks to insure a tight causal relationship exists between the claimed injuries and the alleged malpractice." *Even St. Prods., Ltd. v. Shkat Arrow Hafer & Weber, LLP*, 643 F. Supp. 2d 317, 322 (S.D.N.Y. 2008) (internal quotations omitted).

## DISCUSSION

### I.    Plaintiff Adequately Alleges Legal Malpractice.

Powercap's complaint adequately alleges each element of a legal malpractice claim. First, defendants do not dispute that an attorney-client relationship existed between Powercap and Mr. Fleischmann. *See* Defs.' Mot. 2 ("Powercap requested that Attorney Fleischmann prepare documents for the two loans.").

Second, Powercap alleges that Mr. Fleischmann violated the duty "to exercise the skill and knowledge ordinarily possessed by a member of the legal profession" when he "fail[ed] to advise [it] of the [loans'] usurious . . . interest rate[s] . . . . [and] draft[ed] documents that ran afoul of the laws of usury." Compl. ¶¶ 23, 25–26. Under New York law, "[a] cause of action alleging legal malpractice may be based upon the creation of a loan document which is usurious and does not fall under any exceptions to the law of usury." *Destaso v. Condon Resnick, LLP*, 936 N.Y.S.2d 51, 54 (2d Dep't 2011); *see also Theresa Striano Revocable Tr. v. Blancato*, 898 N.Y.S.2d 69, 71 (2d Dep't 2010) (concluding on a motion for summary judgment that the defendant attorney "acted negligently" when he failed to alert his client to a potential usury issue with loans she issued, reasoning that even "a cursory review of relevant statutes would have revealed that the proposed

loans did not fall under any usury exceptions").

Third, Powercap alleges that it "relied on Defendants' purported expertise in proceeding with the [loan] transactions" and that it suffered damages "[a]s a direct and proximate result of Defendants' negligence." Compl. ¶¶ 24, 28. At the motion to dismiss stage, a "[p]lantiff need only allege, not prove, the proximate cause element of the legal malpractice claim." *Even St. Prods.*, 643 F. Supp. 2d at 322; *see also Rubin v. Mangan*, No. 21-cv-1401, 2021 WL 5281347, at*6 (E.D.N.Y. Nov. 12, 2021) (citing *Even Street's* reasoning on proximate cause to conclude that the plaintiff adequately alleged that the defendant-attorney caused her loss when she asserted in the complaint that "as a result of [the attorney's] alleged [failure to add her as a plaintiff to a lawsuit], she lost the opportunity to recover [in the related action]").

Finally, Powercap alleges that it "suffered damages" of approximately "$1,015,000 together with interest." Compl. ¶ 28; *see also Bryant v. Silverman*, 284 F. Supp. 3d 458, 473 (S.D.N.Y. 2018) ("New York law requires a plaintiff to plead and prove pecuniary loss in order to state a claim of legal malpractice.").

## II.   Defendants' Arguments are Unavailing at this Stage.

In the motion to dismiss, defendants argue that because Powercap's principal, Avery Laub, is a "sophisticated lender who was solely responsible for setting the terms of its loans," the standard of care did not require Mr. Fleischmann "to provide advice about the terms of Powercap's loans." Defs.' Mot. 5. Defendants cite nothing in the pleadings, however, to demonstrate Mr. Laub's sophistication. Instead, defendants assert, with no support, that "Powercap . . . has been [in the] business of extending hard money loans and other complex commercial transactions since 2001." *Id.* at 6. Because the complaint does not contain facts relevant to determining Mr. Laub's sophistication, defendants' argument at this stage of the proceedings is unavailing. *See Nechis*, 421

F.3d at 100 (explaining that at the motion to dismiss stage "we limit our consideration to facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference").

Defendants also argue that Powercap independently "set the terms of its loans . . . and did not request . . . [Mr.] Fleischmann's review and advice." Defs.' Mot. 6. Based on this assertion, defendants reason that Mr. Fleischmann did not have a duty to provide advice on the terms of the loans and that there was no but-for cause between Mr. Fleischmann's alleged negligence and the harm Powercap experienced. *Id.* at 6–7. Defendants again fail to cite information in the complaint to support their arguments about the scope of Mr. Fleischmann's representation. Instead, defendants reference emails that they allege are from Mr. Laub instructing Mr. Fleischmann to "prepare documents." *Id.* at 2; *id.*, Exs. B, G, ECF Nos. 34-4, 34-9. These emails are not proper extrinsic evidence that I may consider at this stage of the proceedings. Unlike the publicly filed SEC statements at issue in *Time Warner*, emails appended to defendants' motion do not contain facts that can be "readily determined," and the facts contained therein obviously can "be reasonably questioned," because they conflict with the allegations in the operative complaint. *See* Compl. ¶ 24 (alleging that Powercap "relied on [Mr. Fleischmann's] purported expertise in proceeding with the [loan] transactions"). Defendants' arguments about the scope of Mr. Fleischmann's representation are therefore unavailing at this stage of the proceeding.

Although defendants fail to cite proper factual material supporting their arguments regarding the scope of Mr. Fleischmann's representation and Mr. Laub's sophistication, they reference several cases that they contend support these arguments. Most of these cases, however, were resolved at the motion for summary judgment stage. *See, e.g., Bellinson L., LLC v. Iannucci*, 958 N.Y.S.2d 383, 384 (1st Dep't 2013) (granting a law firm's motion for summary judgment

because the "record [did] not support" the client's contention "that he was forced to settle . . . because the [law firm] was incompetent"); *Town of North Hempstead v. Winston & Strawn LLP*, 814 N.Y.S.2d 237, 240 (2d Dep't 2006) (determining, on a motion for summary judgment, that an attorney's failure to raise an affirmative defense was not the proximate cause of the plaintiff's damage because the plaintiff himself was "sophisticated" and "impose[d] a strategic decision on counsel")*; Stolmeier v. Fields*, 721 N.Y.S.2d 313, 314 (1st Dep't 2001) (granting the defendant's motion for summary judgment because the defendant's failure to advise the plaintiff of licensing requirements did not proximately cause the plaintiff's injury because the plaintiff  "was plainly a sophisticated home improvement professional," and he "was aware . . . that New York City required home improvement contractors to be licensed")*; Merz v. Seaman*, 697 N.Y.S.2d 290, 293 (2d Dep't 1999) (granting the defendants' motion for summary judgment because the plaintiff was "an experienced banker who was well aware of the risks involved" in a transaction on which defendants advised); *SS Marks LLC v. Morrison Cohen LLP*, No. 650049/2009, 2014 WL 1511155, at *5 (N.Y. Sup. Ct. April 16, 2014) (granting the defendant's motion for summary judgment against the plaintiff because the plaintiff was "a sophisticated long-time real estate mortgage broker, [who] would . . . know the effect of a subordination clause"); *4777 Food Servs. Corp. v. DeMartin & Rizzo, P.C.,* No. 05723/2009, 2013 WL 6330762, at *1, *10 (N.Y. Sup. Ct. Oct. 29, 2013) (dismissing the plaintiff's legal malpractice complaint after holding a "non-jury trial" on the matter).

In their motion to dismiss, defendants cite only two legal malpractice cases that were dismissed at the pleadings stage, but neither is persuasive. In *Menkes v. Solomon & Cramer LLP*, the New York Appellate Division dismissed the plaintiff's legal malpractice claim involving a fee dispute with other attorneys because her allegation of harm was "at best speculative." 161

N.Y.S.3d 766, 766 (1st Dep't 2022). Powercap's allegation of harm is not speculative because it is supported by a New York court order. *See Powercap Partners*, 179 N.Y.S.3d 894. The *Menkes* court also determined that a stipulation that the defendants signed on the plaintiff's behalf releasing an escrow account holder from liability did not constitute malpractice because the plaintiff was "an experienced personal injury attorney," and she had previously executed a similar affirmation releasing the escrow counsel from liability. *Id.* There is no evidence in the pleadings that a similarly exculpatory document exists in this case.

In the second case, *Goldman v. Akin, Gump, Strauss, Hauer & Feld, LLP*, the New York Supreme Court determined that the statute of limitations prohibited the plaintiff from bringing a legal malpractice action. No. 116952/04, 2006 WL 940625, at *2 (N.Y. Sup. Ct. April 10, 2006). In dicta, the court explained that if it were to decide the merits of the claim, it "would still dismiss" because the defendant attorneys were hired simply to draft legal documents formalizing a transaction that the sophisticated plaintiff independently negotiated. *Id.* To understand the scope of the defendant's representation, the court relied on an affidavit that the plaintiff submitted in a related action in which he admitted the narrow scope of the defendant's representation. *Id.* Such evidence of the plaintiff's understanding of the scope of representation does not exist in this case.

## CONCLUSION

In light of the above, the motion to dismiss is denied.

SO ORDERED.

_____
/s/
Allyne R. Ross
United States District Judge

Dated:        September 20, 2023
              Brooklyn, New York

8